**Eduardo Crisolo BUESA, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 99–71323.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

## MEMORANDUM[2]

Eduardo Crisologo Buesa ("Buesa") petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming and adopting an Immigration Judge's ("IJ") order denying Buesa's applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a)[3] and we deny the petition.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, 11 Stat 3009 (Sept. 30, 1996), repealed this section. However, the IIRIRA provides transitional rules that apply to cases commenced prior to April 1, 1997, and in which a final deportation order was issued on or after October 30, 1996. Section

## I

■ Buesa contends that he is entitled to asylum because he fears persecution from a communist group in the Philippines that has targeted him for death due to his service as a "civilian agent" in the military. This court reviews the BIA's decision not to grant asylum for an abuse of discretion. *Abedini v. INS,* 971 F.2d 188, 191 (9th Cir.1992). We review the BIA's factual findings underlying its decision to deny asylum and withholding of deportation under the substantial evidence standard. *Martirosyan v. INS,* 229 F.3d 903, 908 (9th Cir.2000). Where, as here, the BIA adopts an IJ's findings and reasoning, this court reviews the IJ's opinion as if it were the opinion of the BIA. *Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999). "[I]f supported by reasonable, substantial, and probative evidence on the record considered as a whole, the BIA's decision can be reversed only if the applicant shows that the evidence he [or she] presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution." *Martirosyan,* 229 F.3d at 908 (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992))(internal quotation marks excluded).

■ An alien bears the burden of establishing eligibility for asylum. *Singh–Kaur,* 183 F.3d at 1149. "Establishing a well-founded fear of persecution sufficient to qualify for asylum requires a 'subjectively genuine' and 'objectively reasonable' fear of persecution." *Velarde v. INS,* 140 F.3d 1305, 1309 (9th Cir.1998)(quoting *Arriaga–Barrientos v. INS,* 937 F.2d 411, 413 (9th Cir.1991)). The objective component requires a showing by "credible, direct, and specific evidence in the record that persecution is a reasonable possibility." *Marti-*

*rosyan,* 229 F.3d at 909 (quoting *Meza–Manay v. INS,* 139 F.3d 759, 763 (9th Cir.1998)).

■ As the facts are known to the parties, we do not recite them here. The IJ concluded that Buesa failed to satisfy the objective component of his asylum claim because Buesa's evidence was incoherent and unreliable. The IJ's findings are supported by substantial evidence in the record. The fact that Buesa did not request asylum prior to or during his deportation proceedings in Chicago casts doubt on his allegation that he left the Philippines because he feared persecution. As the IJ observed, Buesa's March letter to the INS does not express a fear of returning to the Philippines, and at his July deportation hearing, he asked to be sent back to the Philippines.

In addition, it was reasonable for the IJ to doubt the nature and extent of Buesa's service as a civilian agent. It is unclear how Buesa could have spent between one and four weeks a month at sea working for the British Cable Company while simultaneously investigating illegal communist activities and reporting regularly to his military supervisor. As the IJ recognized, it is also implausible that Buesa traveled 500 to 600 kilometers ten times within a six month period for a mere five hours of training per session. A review of the record before us does not compel the conclusion that a reasonable fact finder would have to conclude that Buesa's evidence establishes past persecution or an objective fear of future persecution. *Martirosyan,* 229 F.3d at 908–909.

## II

■ The burden of proof for withholding of deportation is higher than the burden of proof for asylum. *Ghaly v. INS,* 58

1105a, subject to IIRIRA's transitional rules,    applies in this case.

F.3d 1425, 1429 (9th Cir.1995). Because Buesa failed to establish eligibility for asylum, he necessarily fails to establish eligibility for withholding of deportation. *Id.*

DENIED.

---

1. The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that Janet Reno, Attorney General, is the proper respondent.

2. The panel unanimously finds this case suitable for decision without oral argument and denies Brown's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.